JONES v. ADKINS.

Opinion delivered February 6, 1928.

1. STATES—LEGISLATORS AS PARTIES—STAY OF PROCEEDINGS.—Under Crawford & Moses' Dig., § 429, providing for the stay of proceedings in which members of the State Legislature were parties during the session and for fifteen days before and after such session, the term "proceedings" implies action, procedure and prosecution, indicating some steps to be taken or adopted in the prosecution or defense of an action.

2. STATES—LEGISLATORS AS PARTIES—STAY OF PROCEEDINGS.—Where the court had made an order that the action should be dismissed if the plaintiff did not make a deposit for the payment of the fees of the master and give bond as required by the court within ten days, and plaintiff refused to do so, asserting that he was a member of the General Assembly and under Crawford & Moses' Dig., §§ 429, 430, was not required to do so, *held* that no steps were to be taken which required the presence of plaintiff, and no proceedings which required any action on his part, and the order of dismissal was not a proceeding under § 430, which should have been stayed by reason of his membership in the General Assembly.

Appeal from Pulaski Chancery Court; *J. W. House,* Special Chancellor; affirmed.

STATEMENT OF FACTS.

This suit was brought in equity by Arthur J. Jones against Homer M. Adkins, as sheriff and collector of Pulaski County, to require an accounting of all moneys received by him in excess of the salary allowed him under the Constitution and laws of the State. The plaintiff asked that the defendant, Adkins, be required to bring

into court the sheriff and collector's general ledger and cash journal for the years 1923 and 1924, and also any books, papers or other writings relative to the cost of feeding prisoners in the Pulaski County jail for said years.

The chancery court appointed a master to ascertain all fees received by Adkins as sheriff and collector during said years from all sources. On May 19, 1925, it was further ordered that each of the parties to the suit deposit with the clerk of the court one thousand dollars in cash, or a bond for that amount, to guarantee the expenses of said master. The plaintiff refused to comply with the order of the court, and it was adjudged and decreed that no further steps should be taken in the suit until the plaintiff complied with the order of the court. The plaintiff excepted to the ruling of the court, and prayed an appeal to the Supreme Court, which was granted. This court held that the chancery court, under its general discretionary powers to adjust and allot costs, may adopt reasonable rules to protect and secure a master in the payment of the compensation for his services as a necessary part of the costs of the litigation. Therefore the decree of the chancery court was affirmed. *Jones* v. *Adkins*, 170 Ark. 298, 280 S. W. 389. The opinion was delivered on February 1, 1926.

On January 7, 1927, the defendant filed a motion in the chancery court to dismiss the suit because the plaintiff had failed and refused to comply with the order of the chancery court requiring the plaintiff and defendant each to deposit the sum of one thousand dollars with the clerk of the court to defray the expenses of the master. On the same day the plaintiff filed a response to the motion, in which he denied the right of the court to hear the motion, because he was at the time a member of the General Assembly of the State of Arkansas and could not be compelled to attend court. The plaintiff stated in his motion that the General Assembly would convene in three days. Under the order of May 19, 1925, it was ordered by the chancery court that, unless the

plaintiff should deposit the sum of one thousand dollars, in compliance with the order of the court, within ten days, his cause of action should stand dismissed. It was subsequently ordered that the cause of action be dismissed because the plaintiff had failed to comply with the previous order of the chancery court. The case is here on appeal.

*Arthur J. Jones,* for appellant.

*Emerson, Donham & Fulk,* for appellee.

HART, C. J., (after stating the facts). The sole ground relied upon by the plaintiff for a reversal of the judgment is that, because he was a member of the Legislature, no order of dismissal could have been made by the chancery court in the case.

Section 429 of Crawford & Moses' Digest provides that the members of the Senate and House of Representatives shall be privileged from arrest during the session of the General Assembly and for fifteen days before the commencement and after the termination of each session. Section 430 provides that all proceedings in suits pending in any of the courts of this State, in which any of the persons named in the preceding section are parties, shall be stayed during the time aforesaid. It is the contention of counsel for plaintiff that the dismissal of the action for the failure to give the bond for costs or to deposit one thousand dollars with the clerk of the court for the payment of the fees of the master, was a proceeding which should have been stayed under the provisions of the statute. We do not think so.

Proceedings, both in common parlance and in legal acceptance, imply action, procedure, and prosecution. Hence it indicates some steps taken or adopted in the prosecution or defense of an action. *Beers v. Haughton,* 9 Pet. (U. S.) 329, 9 L. ed. 145.

It is questionable, upon the facts appearing in the record before us, whether there was any proceeding before the court for trial. The court had already made an order that the action should be dismissed if the plaintiff did not make the deposit or give the bond required

by the court within ten days. This the plaintiff not only failed, but refused, to do. At the time the order now complained of was made, he was still refusing to comply with the former order of the court, and did not ask for time in which to comply with it. There was nothing to be done in the case except to enter of record a final order dismissing the case. No step requiring the presence of the plaintiff was necessary. No proceeding was to be taken in the case which required any action on his part or his presence in court. The simple entry of dismissal was not a proceeding in the case which it was the intention of the framers of the statute to stay during the session of the General Assembly and for fifteen days before the commencement of and after the end of it.

Therefore the decree of the chancery court will be affirmed.